2008 UT App 68

**STATE of Utah, Plaintiff and Appellee,**

v.

**James Robert SCOTT, Defendant and Appellant.**

**No. 20060211–CA.**

Court of Appeals of Utah.

March 6, 2008.

John Pace, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Christopher D. Ballard, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and BILLINGS, J.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant James Robert Scott pleaded guilty to three counts of sodomy on a child, a first degree felony. On appeal, Defendant challenges his sentence, arguing that the trial court abused its discretion by failing to modify the diagnostic evaluation and considering inappropriate factors during sentencing. We remand for the trial court to comply with Utah Code section 77–18–1(6)(a), *see* Utah Code Ann. § 77–18–1(6)(a) (Supp.2007), but we otherwise affirm Defendant's sentence.

## BACKGROUND

¶ 2 Defendant pleaded guilty to three counts of sodomy on a child for sexually abusing his girlfriend's six-year-old daughter. Defendant's abuse, which lasted over the course of a year, included anal intercourse, mutual simultaneous oral sex, and digital penetration of the victim's vagina. Defendant admitted that he viewed child pornography on his computer and that in order to condition the victim into sexual activity, he bathed naked with her in a hot tub, slept

naked with her, showed her pornographic movies, and engaged in sexual acts with the victim's mother while the victim watched.

¶ 3 At the sentencing hearing, the court asked whether there were any "inaccuracy or omissions" in the presentencing reports that Defendant wished to bring to the court's attention. Defense counsel responded that the diagnostic evaluation stated that Defendant had tested positive for chlamydia. Defense counsel indicated that the victim had tested positive for chlamydia, but there was no evidence that Defendant had tested positive. The court inferred from the fact that the victim had chlamydia that Defendant must also and chose not to amend the diagnostic evaluation.

¶ 4 Defendant was sentenced to three ten years to life prison terms, each consecutive to the others, plus a fine. Defendant filed a timely appeal. Several weeks after sentencing, the trial court prepared an amended sentence stating that the sentence for counts one and two were to run concurrently, but the sentence for count three was to run consecutively to the sentence for count two.[1]

## ISSUES AND STANDARDS OF REVIEW

¶ 5 The first issue is whether the trial court complied with Utah Code section 77–18–1(6)(a) when it reviewed Defendant's objection to the accuracy of the diagnostic evaluation and, despite Defendant's objection, concluded that it was correct. " 'Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law that we review for correctness.' " *State v. Maroney*, 2004 UT App 206, ¶ 23, 94 P.3d 295 (quoting *State v. Veteto*, 2000 UT 62, ¶ 13, 6 P.3d 1133).

¶ 6 Next, Defendant argues the trial court considered irrelevant factors or otherwise abused its discretion in imposing the sentence.

We afford the trial court wide latitude in sentencing and, generally, will reverse a trial court's sentencing decision only if it is

an abuse of the judge's discretion. The trial court abuses its discretion when it fails to consider legally relevant factors, or if the sentence imposed exceeds the limits prescribed by law.

*State v. Alfatlawi*, 2006 UT App 511, ¶ 14, 153 P.3d 804 (quoting *State v. Bluff*, 2002 UT 66, ¶ 66, 52 P.3d 1210). Further, "the exercise of discretion in sentencing necessarily reflects the personal judgment of the court and the appellate court can properly find abuse only if it can be said that no reasonable [person] would take the view adopted by the trial court." *State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978).

## ANALYSIS

¶ 7 Defendant first argues that the trial court failed to determine on the record the accuracy and relevance of information contained in the diagnostic evaluation. The trial court is required to resolve inaccuracies in the presentence investigation report according to Utah Code section 77–18–1(6)(a):

Any alleged inaccuracies in the presentence investigation report, which have not been resolved by the parties and the department prior to sentencing, shall be brought to the attention of the sentencing judge, and the judge may grant an additional ten working days to resolve the alleged inaccuracies of the report with the department. If after ten working days the inaccuracies cannot be resolved, *the court shall make a determination of relevance and accuracy on the record.*

Utah Code Ann. § 77–18–1(6)(a) (Supp.2007) (emphasis added). In *State v. Jaeger*, 1999 UT 1, 973 P.2d 404, the Utah Supreme Court explained that this provision means "the sentencing judge [must] consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *Id.* ¶ 45. "It is insufficient to make general statements 'concerning the court's view of the defendant and

---

1. On appeal, Defendant does not assert that the amended sentence was legally imposed, and it is not at issue in this case.

the case.'" *State v. Kohl*, 2000 UT 35, ¶ 33, 999 P.2d 7 (quoting *Jaeger*, 1999 UT 1, ¶ 45, 973 P.2d 404).

■ ¶ 8 Specifically, Defendant contends that the trial court failed to correct the diagnostic evaluation's statement that Defendant had tested positive for chlamydia; Defendant suggested that the report ought to have said that the victim, not the Defendant, had tested positive for chlamydia. Defense counsel raised the objection, suggesting the change as a clarification. The trial court interrupted defense counsel and foreclosed counsel's opportunity to present evidence on the matter. Instead, the trial court inferred that the victim must have contracted chlamydia from Defendant and chose not to amend the report. We agree with Defendant that this was inappropriate and did not properly fulfill the trial court's statutory obligation to make a determination of accuracy on the record. The trial court should instead have given Defendant the opportunity to present evidence that he did not test positive for chlamydia, if that was his intention. We therefore remand for the hearing and findings required by Utah Code section 77–18–1(6)(a) and, if necessary, to correct the diagnostic evaluation.

¶ 9 Next, Defendant contends that the trial court abused its discretion by using unreliable and irrelevant factors when determining the sentence.[2] Specifically, Defendant argues that the trial court should not have considered as aggravating factors (1) that the victim had chlamydia, (2) that Defendant had been previously molested, or (3) that Defendant was likely to suffer violent retribution by fellow inmates.

■ ¶ 10 Utah Code section 76–3–401 grants some discretion to the trial court to assess whether a defendant's sentences should run concurrently or consecutively.

See Utah Code Ann. § 76–3–401(2) (2003). In making this assessment, "the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* The court is not required to give each factor equal weight. *See State v. Jimenez*, 2007 UT App 116, ¶ 17, 158 P.3d 1128.

¶ 11 In issuing its sentence, the trial court gave a lengthy list of the aggravating factors it considered and adopted by inference other factors the prosecutor listed. Among the factors enumerated by the trial court that Defendant does *not* challenge are: Defendant was in a position of trust and violated that trust; Defendant had previously been convicted of strong-armed robbery; Defendant used pornography; the victim was extremely young; Defendant committed anal intercourse, oral sex, and rectal, vaginal, and digital penetration; and Defendant compelled the victim to watch him have sex with her mother before and after he abused the victim. The trial court considered Defendant's bipolar disorder as the sole mitigating factor.

■ ¶ 12 We turn to the three factors that Defendant does challenge. First, Defendant argues that the trial court should not have considered as an aggravating factor the fact that the victim tested positive for chlamydia because no evidence was offered that she contracted it from Defendant. We conclude that the trial court did not exceed its discretion in using this as an aggravating factor because the trial court relied on a reasonable inference that the victim contracted the disease from Defendant. Furthermore, our independent review of the record shows that the presentencing report indicated that, according to the victim's mother, Defendant also had tested positive for chlamydia. Like-

---

**2.** The trial court initially imposed a sentence of three terms of ten years to life, all to run consecutively. Adult Probation and Parole (AP & P) and the prosecutor had recommended that Defendant be sentenced to a term of fifteen years to life on each of the three counts, with counts one and two to run consecutively and count three to run concurrently. Thus, because the sentence recommended by AP & P and the prosecutor was *more* harsh than the one imposed, we do not

conclude that "no reasonable [person] would take the view adopted by the trial court." *State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978).

Defendant argues that the trial court's subsequent attempt to shorten Defendant's sentence is evidence of the trial court's own view that its original sentence was too harsh. This is irrelevant because the question here is simply whether the trial court abused its discretion in imposing its original sentence.

wise, the presentencing report lists aggravating circumstances and stated that "[v]ictim contracted sexually transmitted disease from Defendant." Even if the trial court had not relied on this factor, the remaining cumulative evidence clearly supports Defendant's sentence.

¶ 13 Second, Defendant argues that the trial court should have considered the fact that Defendant had previously been abused as a mitigating factor instead of an aggravating factor. The trial court addressed Defendant's argument and stated that, in its view, a history of having been abused is an aggravating factor rather than a mitigating factor because Defendant "ought to know the pain this causes; and yet he did this to another human being." Although the trial court interpreted this factor differently from what Defendant hoped, we conclude the court did not abuse its discretion.

¶ 14 Finally, Defendant asserts that the trial court considered possible violent and criminal retribution toward Defendant by other inmates as a factor. We disagree. The sentencing transcript indicates that the trial court's comments concerning possible future retribution by fellow inmates were not considered in the sentencing at all, but were offered after the sentence was announced and appropriate credit for time served was determined.

## CONCLUSION

¶ 15 In sum, the trial court erred when it chose not to follow the mandates of Utah Code section 77–18–1(6)(a), and we thus remand for the court to follow its requirements and, if necessary, to correct the diagnostic evaluation. Nevertheless, we affirm Defendant's sentence.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and WILLIAM A. THORNE JR., Associate Presiding Judge.