2011 UT App 109

**STATE of Utah, Plaintiff and Appellee,**

v.

**Patrick MOREAU, Defendant and Appellant.**

No. 20090649–CA.

Court of Appeals of Utah.

April 7, 2011.

David M. Perry, Logan, for Appellant.

Mark L. Shurtleff and Brett J. Delporto, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

MEMORANDUM DECISION

ROTH, Judge:

¶ 1 Defendant Patrick Moreau appeals his sentences for several drug-related convictions, arguing that the district court abused its discretion in sentencing him to concurrent prison terms rather than probation. We affirm.

¶ 2 The convictions for which Moreau was sentenced stem from three separate episodes. The first episode (the prescription fraud offenses) occurred in July 2007. Moreau made numerous copies of a prescription for pain killers that was originally issued to

him by a physician. For copying these prescriptions and using those copied prescriptions to obtain more pain killers, Moreau entered pleas in abeyance to five counts of forging false prescriptions, *see* Utah Code Ann. § 58–37–8(3)(a)(iii) (2008), and six counts of possession of a controlled substance, *see id.* § 58–37–8(2)(a)(i) (Supp.2010), all third degree felonies, *see id.* § 58–37–8(2)(b)(ii), (3)(b). In September 2007, as a condition of the plea in abeyance agreement, the court ordered Moreau to enter drug court.

¶ 3 The second episode (the forgery offense) occurred in January 2009, while Moreau was still participating in drug court. Since entering the drug court program, Moreau had repeatedly violated the terms of the plea in abeyance agreement by, for example, failing urinalyses, missing treatment appointments, and consuming alcohol. The district court followed up each violation with punishments of jail time and community service and eventually imposed a jail sentence allowing release time only for work or school. In an effort to gain more release time, Moreau convinced his mother to forge a professor's signature on a class schedule. For this conduct, Moreau was convicted of one count of possession of a forged writing, *see* Utah Code Ann. § 76–6–502 (2008), a third degree felony. At sentencing, the district court suspended the prison term for the forgery offense and placed Moreau on probation, requiring him to serve a one-year jail sentence with work release.

¶ 4 The third episode (the possession offenses) occurred in April 2009, after Moreau was booked into jail for failing to report for a court-mandated urinalysis. Once in his cell, the jail staff saw Moreau turn his back and put something in his mouth. When the jail staff entered the cell and confronted Moreau about his suspicious behavior, he denied putting anything in his mouth. The jail staff then ordered Moreau to the ground and a syringe fell from his person to the floor and another syringe was discovered in his underwear. The jail staff then transported Moreau to the hospital, believing that he had swallowed narcotics. At the hospital, Moreau engaged in a series of actions intended to prevent medical personnel from discovering that he had ingested drugs, culminating in an attempt to flush drugs he had regurgitated down a toilet. Despite his efforts, a nurse saw a plastic baggie in the toilet, which Moreau later admitted contained heroin and Klonopin.[1] For this conduct, Moreau pleaded guilty to one count of possession of a controlled substance in a correctional facility, a second degree felony, *see* Utah Code Ann. § 58–37–8(2)(b)(ii), (2)(e) (Supp. 2010), and one count of obstruction of justice, a third degree felony, *see* Utah Code Ann. § 76–8–306(1)(b), (3)(b)(i) (Supp. 2010).

¶ 5 Due to Moreau's steady accumulation of criminal offenses as well as his repeated violations of the plea in abeyance agreement and drug court rules, the district court terminated Moreau's participation in drug court and entered his guilty pleas from the prescription fraud offenses that had originally been held in abeyance. The court sentenced Moreau to terms of zero to five years on each of the third degree felonies arising from the prescription fraud offenses and the possession offenses—a total of twelve third degree felonies—and to one to fifteen years on the single second degree felony arising from the possession offenses. The district court also revoked Moreau's probation on the forgery offense and imposed the zero to five year prison sentence. The district court ordered that all the prison terms run concurrently. Moreau now appeals the district court's sentencing decisions.

¶ 6 The district court is "afford[ed] ... wide latitude in sentencing," and a sentencing decision will not be reversed unless there has been "an abuse of the judge's discretion." *State v. Scott,* 2008 UT App 68, ¶ 6, 180 P.3d 774 (internal quotation marks omitted). "'[T]he exercise of discretion in sentencing necessarily reflects the personal judgment of the court and the appellate court can properly find abuse only if it can be said that no reasonable [person] would take the view adopted by the trial court.'" *Id.* (quoting *State v. Gerrard,* 584 P.2d 885, 887 (Utah 1978)) (second alteration in original). Ac-

---

1. Klonopin is the brand name of the drug clonazepam.

cordingly, an abuse of discretion will only be found if the district court fails to consider all legally relevant factors or if the sentence is clearly excessive, inherently unfair, or exceeds statutory or constitutional limits. *See State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (citing *State v. Sotolongo*, 2003 UT App 214, ¶ 3, 73 P.3d 991); *State v. McCovey*, 803 P.2d 1234, 1235 (Utah 1990) (citing *Gerrard*, 584 P.2d at 887–88), *overruled on other grounds by State v. Smith*, 2005 UT 57, ¶ 11, 122 P.3d 615.

■ ¶ 7 Moreau claims that the district court's decision to sentence him to prison instead of allowing him to continue in drug court was unfair and unreasonable, resulting in an abuse of discretion.[2] Specifically, Moreau argues that the district court failed to consider the factors discussed in *State v. Galli*, 967 P.2d 930 (Utah 1998). Moreau's reliance on *Galli* is misplaced.

¶ 8 The issue in *Galli* was whether the district court had abused its discretion by failing to consider the requisite statutory factors before ordering consecutive instead of concurrent sentences. *See id.* at 938 (addressing the statutory factors that must be used to "determin[e] ... whether to impose concurrent or consecutive sentences" (citing Utah Code Ann. § 76–3–401(1), (4) (1997) (current version at *id.* § 76–3–401(2) (2008)))). This court has repeatedly rejected the application of the *Galli* factors outside of cases involving consecutive sentences. *See generally State v. Medina*, 2010 UT App

235U, paras. 4–5, 2010 WL 3361392 (mem.) (per curiam) (rejecting the application of the *Galli* factors where the defendant was sentenced on a single count); *State v. Myers*, 2008 UT App 366U, paras. 5–6, 2008 WL 4642928 (mem.) (declining to apply *Galli* factors where the defendant was denied probation and sentenced to concurrent rather than consecutive prison terms).[3] Because consecutive sentencing is not at issue here, the statutory factors analyzed in *Galli* do not apply and are therefore not legally relevant.

¶ 9 Moreau has otherwise failed to show that the district court abused its discretion in sentencing him to concurrent prison terms. Moreau's sentences are within statutory limits. By statute, the indeterminate prison term is one to fifteen years for a second degree felony and zero to five years for a third degree felony. *See* Utah Code Ann. § 76–3–203(2)–(3) (2008). Here, the district court imposed the designated term for each of Moreau's second and third degree felony convictions. Thus, all of the sentences are clearly within the statutorily-defined limits. And because the sentences are within the statutory limits, they cannot be considered clearly excessive. *See State v. Russell*, 791 P.2d 188, 193 (Utah 1990) (determining that a sentence is not "clearly excessive" because it "did not exceed that prescribed by law").

¶ 10 Nor is Moreau's sentence inherently unfair or unreasonable. Moreau consistently failed to comply with his plea in abeyance agreement and the requirements of drug

---

**2.** The State argues that Moreau's appeal of his sentence for the forgery offense is untimely because an appeal must be filed within thirty days of sentencing, *see* Utah R.App. P. 4(a), and Moreau did not appeal the sentence for the forgery offense until July 27, 2009, while the original sentence was entered on January 7, 2009. The prison sentence for the forgery offense, however, was originally suspended, and the suspension of that sentence was revoked on July 7, 2009. Thus, appeal of the revocation itself appears to be eligible for review. And the standards of review applied to probation revocations and sentencing decisions are the same. *Compare State v. Maestas*, 2000 UT App 22, para. 12, 997 P.2d 314 (stating that "revocation of probation is within the trial court's discretion" and the appellate court will only overturn the revocation if there has been an abuse of discretion), *with State v. Scott*, 2008 UT App 68, para. 6, 180 P.3d 774 (stating that the district court is "afford[ed] ...

wide latitude in sentencing," and a sentencing decision will not be reversed unless there has been "an abuse of the judge's discretion" (internal quotation marks omitted)).

**3.** Moreau's attorney on appeal has argued to this court at least twice before that the factors articulated in *State v. Galli*, 967 P.2d 930 (Utah 1998), should be applied in cases other than when a defendant is sentenced to consecutive terms. *See generally State v. Medina*, 2010 UT App 235U, 2010 WL 3361392 (mem.) (per curiam); *State v. Myers*, 2008 UT App 366U, 2008 WL 4642928 (mem.). This position, however, has been rejected in both cases, and we similarly reject it here. Counsel should refrain from making this argument in the future unless he accompanies it with a colorable argument as to why the principles of *Galli* should be applied outside of its consecutive sentencing context.

court despite receiving multiple sanctions of jail time and community service. Moreau tallied seventeen violations over his two years in drug court, causing the district court to remark, "[Y]ou've got by far the most violations of anybody that I've got in drug court and probably the most out of anybody I've had in drug court." In addition, since entering drug court, Moreau accumulated several new felonies on his record through the forgery offense and the possession offenses. The judge who sentenced Moreau presided over all three of Moreau's cases and was acutely aware of his progress, or lack thereof, in drug court and on probation. Realizing that the current rehabilitative measures were not working, the district court explained, "You just don't understand and you fail to understand to the point where I don't see anything else but to send you to prison. They have a very good [drug rehabilitation] program there, and you can work through that program." In light of Moreau's multiple offenses and his repeated failure to comply with the probationary conditions of his plea in abeyance agreement, revocation of the plea in abeyance and imposition of concurrent prison terms on all his convictions was neither inherently unfair nor unreasonable.

¶ 11 Nevertheless, Moreau contends that the district court should have followed the general sentencing guidelines included in Adult Probation and Parole's (AP & P) presentence report, which suggested an intermediate sanction of placement in a halfway house—an approach that the State also recommended. AP & P declined to follow the general sentencing guidelines, however, and instead recommended prison time, based on consideration of aggravating factors, including Moreau's repetitive criminal conduct and inability to be supervised. The court followed the written prison recommendation from AP & P and declined to follow either the State's recommendation or Moreau's request for a lesser sanction. While sentencing courts take into account all the relevant circumstances, "a trial court is not bound by the sentencing recommendations of [AP & P] or by the requests of the parties," *State v. Houk*, 906 P.2d 907, 909 (Utah Ct.App.1995) (per curiam), but may, in the exercise of its discretion, rely on AP & P's recommendation of prison instead of an alternative correctional program, *see State v. Martinez*, 925 P.2d 176, 178 (Utah Ct.App.1996). Moreover, "the recommendations of the prosecutor or any other party are not binding upon the court." *State v. Thurston*, 781 P.2d 1296, 1300 (Utah Ct.App.1989).

¶ 12 Because Moreau's sentences are within statutory limits and are not clearly excessive, unreasonable, or unfair, the district court did not abuse its discretion in sentencing him to prison. Accordingly, we affirm.

¶ 13 WE CONCUR: GREGORY K. ORME and MICHELE M. CHRISTIANSEN, Judges.