IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20111031-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 28, 2012) |
| James Arnold Gardner, | ) | |
| | ) | 2012 UT App 368 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 101909347
The Honorable Robin W. Reese

Attorneys:     Debra M. Nelson and John K. West, Salt Lake City, for Appellant
               Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Roth.

¶1     James Arnold Gardner appeals from his sentences after pleading guilty to two counts of theft by receiving and one count of attempted theft, all third degree felonies. Gardner asserts that the district court erred in imposing consecutive prison terms of zero to five years, although the district court stayed imposition of the sentences and imposed probation.

¶2     We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only

find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (citation and internal quotation marks omitted).

¶3      Utah Code section 76-3-401 states the legally relevant sentencing factors a trial court must consider before determining whether sentences will be imposed concurrently or consecutively: "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). However, as a general rule, a district court's consecutive sentencing decision is upheld "whenever it would be reasonable to assume that the court" considered the statutory factors, even if the court "failed to make findings on the record." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 (citation and internal quotation marks omitted). Accordingly, it is the defendant's burden to demonstrate that the district court did not properly consider the relevant factors, and appellate courts "will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *Id.* Here, because Gardner argues that the district court should have sentenced him based upon the recommendation of the presentence investigation report (PSI) prepared by Adult Parole and Probation (AP&P), he seems to acknowledge that all relevant factors for the district court's consideration were contained within that report. Generally, if a factor is discussed in the PSI, it is sufficient to demonstrate that the district court considered the factor. *See id.* ¶ 13. Thus, Gardner's disagreement with the decision seems to be over the application of those factors to the case.

¶4      Based upon the circumstances, we cannot say that the district court abused its discretion in sentencing Gardner to consecutive sentences, as opposed to concurrent sentences, then suspending the prison terms and imposing probation. The record demonstrates that Gardner had a significant criminal history, and that he had previously been placed on probation several times, only one of which resulted in a successful completion of the probation. In fact, Gardner committed the offenses at issue in this case while on probation in a previous case. Furthermore, despite recommending probation, the PSI noted that Gardner was "a very marginal candidate for probation." *Cf. State v. Moreau*, 2011 UT App 109, ¶ 11, 255 P.3d 689 (noting that a court is not bound by AP&P's sentencing recommendations in a PSI). Under these circumstances, we

cannot agree that no reasonable person would take the view adopted by the district court. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶5     Affirmed.

_____
Carolyn B. McHugh, Judge

_____
J. Frederic Voros Jr., Judge

_____
Stephen L. Roth, Judge