**2013 UT App 160**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ELBERT CLINT WIMBERLY,
Defendant and Appellant.

Opinion
No. 20110946-CA
Filed June 27, 2013

Third District, Salt Lake Department
The Honorable Denise P. Lindberg
No. 081904216

Patrick W. Corum and Peter A. Daines, Attorneys
for Appellant
John E. Swallow and Kris C. Leonard, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES GREGORY K. ORME and STEPHEN L. ROTH concurred.

VOROS, Judge:

¶1　　Elbert Clint Wimberly entered a plea in abeyance to one
count of aggravated assault. *See* Utah Code Ann. § 76-5-103
(LexisNexis 2012).[1] After determining that Wimberly had violated
the terms of the plea in abeyance agreement, the trial court
terminated the agreement, entered the guilty plea previously held

---

1. We cite the current version of the Utah Code because no changes
have been made to the relevant statutory provisions that would
affect the resolution of the issues presented on appeal.

in abeyance, and sentenced him to prison. Wimberly appeals both the entry of the guilty plea and the sentence. We affirm.

BACKGROUND

¶2     On March 6, 2009, Wimberly pleaded guilty to one count of aggravated assault. Pursuant to a plea in abeyance agreement, the trial court held his plea in abeyance for twenty-four months, and placed Wimberly under the supervision of Adult Probation and Parole (AP&P) subject to specified conditions. In October of 2010, Wimberly was arrested on another charge of aggravated assault.

¶3     AP&P submitted a Progress/Violation Report (the Report). In addition to the new aggravated assault charge, the Report asserted that Wimberly had failed to contact his AP&P officer within forty-eight hours of his October arrest and failed to "participate in the dual diagnosis treatment, for Cognitive Restructuring and Domestic Violence classes." The Report also indicated that Wimberly had previously appeared before a different trial court on a plea agreement violation for failing to obtain employment within one year of entering the plea in abeyance agreement. Finally, the Report recommended that Wimberly "be incarcerated and hopefully he can acquire the skills necessary to adhere to the Court's order." The trial court issued an Order to Show Cause (the OSC) why Wimberly should not be found in violation of the conditions of his plea in abeyance.

¶4     Wimberly sought to delay the hearing on the OSC until after the disposition of the new aggravated assault charge. After granting two continuances, the trial court proceeded with an evidentiary hearing limited to the violation allegations that were not directly related to the October 2010 aggravated assault charges. At the evidentiary hearing Wimberly's AP&P officer and Wimberly both testified. At the conclusion of the hearing, the trial court found that Wimberly was in "violation of the terms of his plea in abeyance" and set the case for sentencing. After receiving an

updated presentence report, the trial court sentenced Wimberly to serve zero to five years in prison.

ISSUES AND STANDARDS OF REVIEW

¶5    First, Wimberly contends that the trial court erred when it revoked his plea in abeyance agreement "because there was insufficient evidence to support a finding that Wimberly's violations were willful." We review a trial court's decision to terminate a plea in abeyance agreement for an abuse of discretion. *See State v. Martin*, 2012 UT App 208, ¶ 10, 283 P.3d 1066 (mem.); *see also* Utah Code Ann. § 77-2a-4(1) (LexisNexis 2012) (providing that a trial court "may terminate" a plea in abeyance agreement upon a finding that the defendant "failed to substantially comply with any term or condition" of the agreement). And we review factual findings entered by a trial court for clear error. *See State v. Tripp*, 2010 UT 9, ¶ 23, 227 P.3d 1251.

¶6    Second, Wimberly contends that the trial court abused its discretion by sentencing him to prison rather than granting him probation. We review the trial court's imposition of sentence for an abuse of discretion. *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (explaining that an appellate court "will overturn a sentencing decision only if it is clear that the actions of the trial judge were so inherently unfair as to constitute an abuse of discretion." (brackets, emphasis, citation, and internal quotation marks omitted)).

ANALYSIS

I. Termination of the Plea in Abeyance Agreement

¶7    Wimberly contends that the trial court "erred when it revoked Wimberly's probation because there is insufficient evidence to support a finding that Wimberly's violations were willful." This framing of the issue assumes that Wimberly was

placed on probation, that his probation was revoked, and consequently that the State was required to show that his violations were willful. We do not share these assumptions.

A.     The Statutory "Substantial Compliance" Standard Governs the Termination of Plea in Abeyance Agreements.

¶8     The record leaves no doubt that Wimberly entered a plea in abeyance. A plea in abeyance is a court order "accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against him nor imposing sentence upon him on condition that he comply with specific conditions as set forth in a plea in abeyance agreement." Utah Code Ann. § 77-2a-1(1) (LexisNexis 2012). A plea in abeyance agreement is "an agreement entered into between the prosecution and the defendant setting forth the specific terms and conditions upon which, following acceptance of the agreement by the court, a plea may be held in abeyance." *Id.* § 77-2a-1(2). Thus, "[w]hen a plea in abeyance agreement is approved, the trial court agrees to accept a guilty plea but not, at that time, enter a conviction nor impose a sentence on the condition that the defendant comply with the conditions set forth in the agreement." *State v. Turnbow*, 2001 UT App 59, ¶ 10, 21 P.3d 249 (citing Utah Code Ann. § 77-2a-1(1)). After successful completion of those conditions, a trial court may dismiss the charge and no conviction will remain on the defendant's record. "A court may not hold a plea in abeyance without the consent of both the prosecuting attorney and the defendant." Utah Code Ann. § 77-2a-3(6) (LexisNexis 2012).

¶9     While a plea in abeyance agreement is not probation, "[t]he court may require the Department of Corrections to assist in the administration of the plea in abeyance agreement *as if the defendant were on probation* to the court under Section 77-18-1." *Id.* § 77-2a-3(4) (emphasis added).

¶10    If the court learns from AP&P or otherwise that the defendant may have violated the terms of the plea in abeyance

agreement, the court "may issue an order requiring the defendant to appear before the court at a designated time and place to show cause why the court should not find the terms of the agreement to have been violated and why the agreement should not be terminated." *Id.* § 77-2a-4(1) (LexisNexis 2012). If after an evidentiary hearing "the court finds that the defendant has failed to *substantially comply* with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered." *Id.* (emphasis added).

¶11   A plea in abeyance is thus analytically distinct from probation. "Probation has two roles under Utah law. It is both a sentence and an alternative sanction to be imposed after the suspension of a harsher sentence." *State v. Anderson*, 2009 UT 13, ¶ 15, 203 P.3d 990. "On a plea of guilty, guilty with a mental illness, no contest, or conviction of any crime or offense, the court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation." Utah Code Ann. § 77-18-1(2)(a) (LexisNexis 2012). "If a violation of the probationary conditions occurs, the court 'may order the probation revoked, modified, continued, or that the entire probation term commence anew.'" *Anderson*, 2009 UT 13, ¶ 15 (quoting Utah Code Ann. § 77-18-1(12)(e)(ii)). Before a court may revoke probation based on a probation violation, "'the court must determine by a preponderance of the evidence that the violation was willful.'"[2]

---

2. The willfulness requirement in probation revocation cases is a judicial creation rather than a statutory one and is necessary for the statute to comply with the Fourteenth Amendment. *Compare* Utah Code Ann. § 77-18-1(12)(a)(i) (LexisNexis 2012) ("Probation may not be revoked except upon a hearing in court and *a finding that the conditions of probation have been violated*." (emphasis added)), *with Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (holding that

(continued...)

*State v. Maestas*, 2000 UT App 22, ¶ 24, 997 P.2d 314 (quoting *State v. Peterson*, 869 P.2d 989, 991 (Utah Ct. App. 1994)).

¶12   Although at various times the trial court, AP&P, and counsel all referred to the plea in abeyance agreement as "probation," Wimberly was in fact never placed on probation. Rather, the trial court directed AP&P "to assist in the administration of the plea in abeyance agreement as if [Wimberly] were on probation." *See* Utah Code Ann. § 77-2a-3(4). We detect no fundamental confusion on the trial court's part. It issued an order to show cause and scheduled an evidentiary hearing. At the conclusion of the hearing it found that Wimberly was "in violation of the terms of his plea [in] abeyance" and accordingly "enter[ed] the plea," with the result that "he now has a third degree felony on his record." The trial court then scheduled the matter for sentencing. All this was in keeping with Utah Code section 77-2a-4(1).

---

2. (...continued)
revocation of probation for failure to pay a fine or restitution was, absent a finding of willfulness, "contrary to the fundamental fairness required by the Fourteenth Amendment"). However, Wimberly has not argued for the extension of *Bearden*'s reasoning to the substantial compliance requirement in plea in abeyance cases. "Like the Utah Supreme Court, 'we are resolute in our refusal to take up constitutional issues which have not been properly preserved, framed and briefed . . . .'" *Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 32, 297 P.3d 38 (quoting *Brigham City v. Stuart*, 2005 UT 13, ¶ 14, 122 P.3d 506, *rev'd on other grounds*, 547 U.S. 398 (2006)). Accordingly, we express no opinion on whether a finding that a defendant willfully failed to substantially comply with the terms of a plea in abeyance agreement is constitutionally required before the agreement may be terminated. Nevertheless, even if that were the test, we would conclude that the trial court did not abuse its discretion in terminating Wimberly's plea in abeyance agreement.

¶13    Wimberly contends that the trial court erred by terminating the plea in abeyance agreement without evidence that his violations were willful. Thus, in effect, Wimberly "argues that the reasoning of the probation statute cases should be applied to plea in abeyance proceedings." *See State v. Turnbow*, 2001 UT App 59, ¶ 14, 21 P.3d 249. We have rejected this contention in a related context, holding that "a plea in abeyance differs from probation in both its statutory provisions and function. Thus, cases decided under the probation statutes are not directly applicable to pleas in abeyance." *Id.* (referring to defendant's argument "that proceedings to determine whether a defendant has violated the terms of an abeyance agreement must be initiated prior to expiration of the term of the agreement"). No Utah case has ever held or implied that a finding of willfulness is required before a trial court may terminate a plea in abeyance agreement, enter a conviction, and impose a sentence, including incarceration. The standard specified by the controlling statute, and uniformly applied by our case law, is substantial compliance.

¶14    Wimberly argues that the probation revocation standard controls the termination of a plea in abeyance agreement. He seeks inferential support from *State v. Martin*, where we reviewed a trial court's revocation of a defendant's plea in abeyance agreement after the defendant failed to comply with the conditions of the agreement. *See* 2012 UT App 208, 283 P.3d 1066. In a "see also" parenthetical, *Martin* quotes a probation revocation case for the proposition that "'the decision to . . . revoke probation is in the discretion of the trial court.'" *Id.* ¶ 10 (quoting *State v. Peterson*, 869 P.2d 989, 991 (Utah Ct. App. 1994)). But nothing in *Martin* remotely suggests that a determination of whether a defendant has violated a plea in abeyance agreement should be governed by any standard other than substantial compliance. On the contrary, *Martin* repeatedly cites and ultimately applies the substantial compliance standard. We noted in *Martin* that the defendant's conduct "[did] not substantially comply" with the principal purposes of the plea in abeyance agreement, determined that defendant "failed to substantially comply with [a] condition of the plea agreement," and

concluded that because the defendant "did not substantially comply with the plea agreement, . . . the district court acted within its discretion in revoking [his] plea in abeyance." *Id.* ¶¶ 15–16. Finally, *Martin* never mentions the willfulness standard. Accordingly, far from supporting Wimberly's position on appeal, we conclude that *Martin* supports our determination that the applicable standard is substantial compliance, not willfulness.

¶15  Wimberly also draws support from *United States v. Gorman*, for the proposition that "Utah's plea in abeyance . . . includes probation-like components." 312 F.3d 1159, 1166 (10th Cir. 2002). The question before the Tenth Circuit in *Gorman* was whether a plea in abeyance under Utah law constitutes a criminal justice sentence for purposes of "the United States Sentencing Guidelines' expressed purpose of increasing sentences for repeat offenders." *Id.* at 1167. The court held that, having entered a plea in abeyance, the defendant was subject to a "supervisory component" at the time he committed the second crime, a fact sufficient to support a harsher penalty for the second offense. *Id. Gorman* is, of course, not controlling here. But even if it were, nothing in the rule or rationale of *Gorman* suggests that a Utah court, in determining whether a plea in abeyance agreement has been violated, should apply the probation revocation standard in lieu of or in addition to the statutory standard for determining whether a plea in abeyance agreement has been violated.[3]

---

3. Wimberly also directs us to *West Valley City v. Walljasper*, 2012 UT App 252, 286 P.3d 948, and *State v. Gibson*, 2009 UT App 108, 208 P.3d 543. While these cases loosely refer to a plea in abeyance agreement as "probation," neither considered the standard for determining whether to terminate a plea in abeyance agreement. And neither suggests that, in determining whether a defendant has violated a plea in abeyance agreement, a court should apply any standard other than the one specified in the controlling statute.

¶16   In sum, we are not persuaded that in determining whether a defendant has violated a plea in abeyance agreement a trial court should apply any standard other than that prescribed by the controlling statute—substantial compliance.

B.    Wimberly Does Not Claim to Have Substantially Complied with the Plea in Abeyance Agreement.

¶17   Wimberly did not contend below, nor does he contend on appeal, that the evidence was insufficient to demonstrate that he "failed to substantially comply with any term or condition of the plea in abeyance agreement." Utah Code Ann. § 77-2a-4(1) (LexisNexis 2012). Because he has not shown, or indeed undertaken to show, that the trial court violated the applicable standard in ruling that he violated the plea in abeyance agreement, Wimberly's challenge to the trial court's entry of his guilty plea fails. *See Allen v. Friel*, 2008 UT 56, ¶ 4, 194 P.3d 903 (noting an appellant's obligation to challenge the basis of the trial court's decision and burden to demonstrate error in that decision); *see also Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441 (mem.) (rejecting appellant's claim on the ground that it did not address the actual basis for the trial court's ruling).

## II. Sentencing

¶18   Wimberly next contends that, in any event, the trial court abused its discretion by imposing a prison sentence rather than placing him on probation. Wimberly argues that at the time of sentencing (1) most of the allegations listed in the OSC had either been dropped or satisfied, (2) he had completed the court-ordered domestic violence program, and (3) the only remaining requirement was the payment of the recoupment and supervision fees.

¶19   "A defendant is not entitled to probation, but rather the [trial] court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with

the public interest." *State v. Valdovinos*, 2003 UT App 432, ¶ 23, 82 P.3d 1167 (alteration in original) (citation and internal quotation marks omitted). Accordingly, "[w]e have traditionally afforded trial courts wide latitude and discretion in sentencing, recognizing that they are best situated to weigh the many intangibles of character, personality and attitude, of which the cold record gives little inkling." *State v. Killpack*, 2008 UT 49, ¶ 58, 191 P.3d 17 (citations and internal quotation marks omitted). "Consequently, the decision of whether to grant probation must of necessity rest within the discretion of the judge who hears the case." *Id.* (citation and internal quotation marks omitted). "In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *Id.* ¶ 59 (citation and internal quotation marks omitted).

¶20 Here, the trial court found that Wimberly violated the terms of his plea in abeyance agreement. At sentencing, the court stated, "whether they are technical violations or not, they are violations. [Wimberly] knew. He's been in the system long enough that he knew what was expected of him." The court expressed concern over what it viewed as "fairly explosive conduct and not really following through," noting that Wimberly had "done things when [he] had to do them at the last minute." The court further expressed discomfort with "how much or how little [Wimberly had] grown over the past."

¶21 Although AP&P recommended thirty-six months of probation, the AP&P investigator "lean[ed] towards incarceration of this defendant simply to stop his criminal activities and protect the general public." He referred to Wimberly's anger management and other problems, describing them as potentially "a very dangerous combination." The investigator also expressed concern for Wimberly's "total disregard for the law in the matter for which the defendant is currently on probation," as the investigator inaccurately characterized it, and that Wimberly "is simply not

abiding by the rules of supervision, nor is he learning to obey the law."

¶22    On this record, we conclude that the trial court acted within its "wide latitude and discretion" in sentencing Wimberly to prison rather than suspending the prison sentence and placing him on probation. *See Killpack*, 2008 UT 49, ¶ 58 (citation and internal quotation marks omitted).

## CONCLUSION

¶23    If after an evidentiary hearing the trial court finds that a defendant "has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered." Utah Code Ann. § 77-2a-4(1) (LexisNexis 2012). Neither the controlling statute nor our case law requires in addition a showing of willfulness. Because Wimberly does not claim to have substantially complied with the terms of his plea in abeyance agreement, his challenge to the entry of his guilty plea fails. In addition, the trial court acted within its discretion in sentencing Wimberly to prison. The judgment of the trial court is accordingly affirmed.

———————