*706 CHRISTIANSEN, Judge
(concurring):
1 15 I agree with the lead opinion's conclusion that the trial court committed no reversible error in sentencing Sanchez, and I therefore concur in affirming his sentence. However, I write separately because I believe a point the lead opinion addresses only briefly in a footnote is dispositive of one of the principal issues raised by Sanchez on appeal. See supra note 2. The critical inquiry in examining the trial court's exercise of its discretion here is whether the trial court properly denied Sanchez's motion for a seetion 402 reduction, not whether the trial court abused its discretion in imposing Sanchez's actual sentence. This is because the only prejudice Sanchez is claiming to have suffered as a result of the trial court's sentencing decision is his classification as de-portable under title 8, section 1227 of the United States Code-a classification that is completely unaffected by the actual sentence imposed by the trial court.
{16 Sanchez was convicted of unlawful possession of another's identification documents, a class A misdemeanor. Utah Code Ann. § 76-6-1105(@)(a) (LexisNexis 2012). This offense is subject to a sentence of imprisonment for a term not exceeding one year. Id. § 76-8-204. Before he was sentenced, Sanchez moved the court for a reduction under Utah Code section 76-8-402, seeking reduction of his conviction to a class B misdemeanor punishable by up to six months of imprisonment. Id. The trial court denied that motion, concluding that entering the conviction as a class A misdemeanor would not be "unduly harsh." See id. § 76-3-402(1).
17 I agree with the lead opinion that the trial court did not abuse its discretion in denying Sanchez's motion for a section 402 reduction. Sanchez argued to the trial court that entering his conviction as a class A misdemeanor would be unduly harsh because it would subject him to deportation. A review of the record demonstrates that the trial court acknowledged Sanchez's immigration status, the nature of Sanchez's offense, and Sanchez's character and personal circumstances in ruling on the motion. Sanchez has not demonstrated that the trial court failed to consider any legally relevant sentencing factors or exceeded statutory or constitutional limits in denying his motion. Given the deference with which we review a trial court's decision on a section 402 motion, I cannot say that "no reasonable [person] would take the view adopted by the trial court" and therefore cannot conclude that the trial court abused its discretion in denying Sanchez's motion for a reduction of his conviction. See State v. Moreau, 2011 UT App 109, ¶6, 255 P.3d 689 (alteration in original) (citation and internal quotation marks omitted).
{ 18 Having determined that the trial court properly denied Sanchez's motion for a seetion 402 reduction, I would not reach Sanchez's argument that the trial court abused its discretion in sentencing him. Rather, I would affirm because any error in the trial court's actual sentencing decision is harmless with respect to the only prejudice that Sanchez has asserted on appeal-his classification as deportable under title 8, section 1227 of the United States Code. Federal law provides that an alien convicted of a crime involving moral turpitude "for which a sentence of one year or longer may be imposed" is deportablee 8 U.S.C. § 1227(a)(2)(A)(i) (2012). Sanchez argues that "the length of the sentence" imposed by the trial court would "impact whether or not [Sanchez] can possibly be deported" and that it was therefore "vital for the trial court to consider possible deportation when imposing his sentence." However, it is the maximum sentence permitted for a conviction-not the actual sentence imposed-that determines whether a defendant is deportable under this section. See id. § 1227(a)@(W)@M(ID)[1]
*707 A defendant convicted of a class A misdemeanor may be sentenced to imprisonment for up to one year. Utah Code Ann. § 76-38-204. Thus, onee Sanchez was con-viected of a class A misdemeanor and the trial court entered the conviction at that level, he "could have been deported regardless of [his] sentence, because the Immigration and Nationality Act ... classifies as deportable any alien convicted of a crime of moral turpitude 'for which a sentence of one year or longer may be imposed." State v. Aguirre-Juares, 2014 UT App 212, ¶3, 335 P.3d 896 (quoting 8 U.S.C. § 1227(a)(2)(A)(G) (2006)). Whatever weight the trial court gave to the potential immigration consequences of Sanchez's sentence simply does not matter, because the actual term of imprisonment ordered by the trial court is irrelevant to Sanchez's eligibility for deportation. Any error or abuse of discretion in the trial court's selection of the period of incarceration is therefore harmless with respect to whether Sanchez is deporta-ble.[2] As Sanchez has raised no other claim of prejudice on appeal, I would affirm on that basis.

. Sanchez's argument appears to concede, and I assume for purposes of this analysis, that a conviction for unlawful possession of another's identification documents is a crime of moral turpitude. This view appears consistent with the Supreme Court's observation that "crimes involving fraud have universally been held to involve moral turpitude." 'Jordan v. De George, 341 U.S. 223, 228, 71 S.Ct. 703, 95 L.Ed. 886 (1951). However, I would not decide this issue, 'because it would not affect the outcome of my analysis. Even if the crime of unlawful possession of another's identification is not one of moral turpitude, Sanchez would simply not be *707 classified as deportable under this statute, and the sentence imposed by the trial court would still have no effect on that classification.

. This court has recognized that the actual sentence imposed by the trial court may have other immigration consequences. Notably, "an adult alien convicted of a crime of 'moral turpitude' and sentenced to incarceration for six months or more" is rendered permanently inadmissible to the United States. State v: Aguirre-Juarez, 2014 UT App 212, ¶5, 335 P.3d 896 (quoting 8 U.S.C. § 1182(a)(2)(A)i)-(ii) (2006)). However, Sanchez has argued only the deportation issue and has raised no other immigration issue below or on appeal.