2003 UT App 228

**STATE of Utah, Plaintiff and Appellee,**

v.

**Randall LAW, Defendant and Appellant.**

**No. 20020578–CA.**

Court of Appeals of Utah.

July 3, 2003.

Geoffrey L. Clark, Ogden, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeffrey S. Gray, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

MEMORANDUM DECISION

DAVIS, Judge:

¶1 Randall Law (Defendant) raises two issues on appeal: (1) that illegal drug use by the sentencing judge, Ray Harding Jr. (Judge Harding) constituted an abuse of the trial court's discretion, a violation of the Defendant's due process rights, and a conflict of interest when he sentenced Defendant to consecutive sentences; and (2) that regardless of Judge Harding's drug use, he abused his discretion when he sentenced Defendant to consecutive sentences.

¶2 "An appellate court's 'review is ... limited to the evidence contained in the record on appeal.'" *State v. Pliego,* 1999 UT 8,¶7, 974 P.2d 279 (citation omitted). "[A]lthough the record may be supplemented if anything material is omitted, it may not be done by simply including the omitted material in the party's addendum." *Id.* The record contains nothing regarding Judge Harding's illegal drug use during the period when Defendant was sentenced. Therefore, Defendant's attempt to supplement the record by including newspaper articles regarding Judge Harding's drug use in his brief's addenda is improper. *See* Utah R.App. P. 11(h) ("If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."). Motions under rule 11(h) of the Utah Rules of Appellate Procedure are "appropriate only when the record must be augmented because of an omission or exclusion, or a dispute as to the accuracy of reporting, *and not to introduce new material into the record.*" *Olson v. Park–Craig–Olson, Inc.,* 815 P.2d 1356, 1359 (Utah Ct.App.1991) (emphasis added). Because the Defendant attempts to introduce evidence on appeal not contained within the record, we cannot consider this issue on appeal.

¶3 Additionally, there is nothing in the record suggesting Judge Harding was under the influence of any drug during any of Defendant's proceedings and, therefore, he cannot show if or how Judge Harding, by reason of drug use, abused his discretion; if or how Defendant's due process rights were violated; and if or how Judge Harding had a conflict of interest or personal bias that led to an excessive sentence.

¶4 Should Defendant believe that the sentencing judge was either impaired or unable to effectively discharge his duties in a constitutional manner, Defendant's proper avenue of relief lies in the Utah Rules of Criminal Procedure or the Utah Rules of Civil Procedure. It is incumbent upon Defendant to ask the trial court to review the sentence, *see State v. Brooks,* 868 P.2d 818, 826 (Utah Ct.App.1994), *aff'd,* 908 P.2d 856 (Utah 1995), and only then, if the trial court either refuses to entertain his motion, or denies the motion after consideration, is relief through the appellate courts available to Defendant.

¶5 Defendant next claims, that regardless of Judge Harding's drug use, he abused his discretion by sentencing Defendant to consecutive sentences. "We afford the trial court wide latitude in sentencing and, generally, 'will reverse a trial court's sentencing decision only if it is an abuse of the judge's discretion.'" *State v. Bluff,* 2002 UT 66,¶66, 52 P.3d 1210 (citation omitted). Trial courts abuse their discretion "when [they] fail[ ] to consider all legally relevant factors, or if the sentence imposed exceeds the limits prescribed by law." *Id.* Generally, a trial court's sentence " 'should be overturned only when it is inherently unfair or clearly excessive.'" *Id.* (citation omitted).

¶6 Utah Code Ann. § 76–3–401(5) (Supp. 2002) gives trial courts the discretion to "impose consecutive sentences for [felony] offenses arising out of a single criminal episode." When deciding whether to impose consecutive sentences, trial courts "consider the gravity and circumstances of the offenses, the number of victims, and the histo-

ry, character, and rehabilitative needs of the defendant." *Id.* § 76–3–401(2).

 ¶ 7 In this case, Defendant pleaded guilty to

> eleven counts of securities fraud, six second degree felonies and five third degree felonies, ... eleven counts of transacting business as a broker-dealer or agent without a license, all third degree felonies, ... eleven counts of selling an unregistered security, all third degree felonies, and one count of engaging in a pattern of unlawful activity, a second degree felony.

Defendant argues that the imposition of consecutive sentences in his case was an abuse of the trial court's discretion because all of the felony counts were "white collar offenses" and no victims suffered any physical injury. We disagree.[1] A review of the record illustrates the court "consider[ed] all legally relevant factors." *Bluff,* 2002 UT 66 at ¶ 66, 52 P.3d 1210. Defendant's schemes defrauded at least thirty victims of over $1 million. After his thirty-four pleas of guilty, but before his sentencing hearing, authorities in Utah County twice arrested Defendant on new charges of fraud. Furthermore, the record shows that Judge Harding considered all of the mitigating factors from Defendant's presentence investigation report. Even though Judge Harding imposed consecutive sentences in Defendant's case, he cannot serve more than thirty years imprisonment. *See* Utah Code Ann. § 76–3–401(6)(a) ("If a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment...."). In light of Defendant's crimes, we cannot conclude "that 'no reasonable [person] would take the view adopted by the trial court,'" *State v. Schweitzer,* 943 P.2d 649, 651 (Utah Ct.App.1997) (alteration in original) (citation omitted), or that the imposition of consecutive sentences was " 'inherently unfair or clearly excessive.'" *Bluff,* 2002 UT 66 at ¶ 66, 52 P.3d 1210 (citation omitted).

We hold that the trial court did not abuse its discretion when it imposed consecutive sentences.

¶ 8 We affirm Defendant's sentence and deny his request for a new sentencing hearing without prejudice to his properly pursuing his claims in the trial court.

¶ 9 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.

---

1. While Defendant's actions were "white collar" offenses that did not inflict physical injury, one victim summarized the impact of Defendant's crimes as follows:

> Just because of his [thirty-four] crimes that he pled [sic] guilty to were not done at gunpoint doesn't make them less of a crime. He chooses lies and deceits as his weapons. These weapons do create victims. People have lost homes. There have been divorces, bankruptcies, and a multitude of personal suffering that this man has created with his weapons of lies and deceit.