IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120165-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 13, 2012) |
| David W. Ward, | ) | |
| | ) | 2012 UT App 346 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Heber Department, 111500136
The Honorable Derek P. Pullan

Attorneys:     J. Edward Jones, Heber City, for Appellant
                    Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

¶1     Defendant David W. Ward was convicted of aggravated assault, a third degree felony, following his guilty plea. He appeals his sentence, claiming the district court abused its discretion by sentencing him to the statutory prison term of zero to five years, rather than granting probation. We affirm.

¶2     Ward argues that the district court failed to properly consider aggravating and mitigating circumstances. Ward adequately preserved the issues that he raises in this appeal at the time of sentencing. We review the trial court's sentencing decision for abuse of discretion. *See State v. Valdivinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *Id.* (citations and internal quotation marks omitted). "A defendant is not entitled to probation," and "[t]he granting or withholding

of probation involves considering intangibles of character, personality and attitude, of which the cold record gives little inkling." *See id*. ¶ 23. Only when the actions of the trial judge are "so inherently unfair as to constitute an abuse of discretion" will an appellate court overturn the trial court's sentence. *Id*.

¶3 The district court's written sentencing order and oral ruling demonstrate its careful consideration of aggravating and mitigating factors. The district court found that the mitigating factors were that Ward was only twenty-seven-years old and he was suffering from mental illness that was untreated at the time of the offense and up to the time of his incarceration. As aggravating factors, the court found that Ward did not appear to the district court to have taken responsibility for the harm he admittedly caused, and he had a criminal history of similar offenses, i.e., unlawful restraint and assault, although the prior offenses were misdemeanors. The court also found that Ward had choked the victim to the point of unconsciousness and, as a person trained in martial arts, he knew he had "the physical ability and training to cause serious injury to others." The district court ultimately found that "[w]ithout medication for his illness, [Ward] is dangerous" and "[t]he Court has no guarantee that [Ward] will remain medication compliant if placed on probation." Finally, the district court recommended that the Board of Pardons consider the presentence report and the competency evaluations conducted in connection with this case and that Ward be granted mental health treatment and access to medications.

¶4 The record demonstrates that the district court appropriately considered the aggravating and mitigating factors in this case. Ward's argument that the district court discounted or failed to appropriately consider his mental illness is without merit. Significantly, the sentencing order specifically states that, although Ward was found competent to proceed, the "evaluations demonstrate a significant bi-polar disorder which was not treated until [Ward's] incarceration in this case." Ward's disagreement with the district court's assessment of the factors does not demonstrate that the district court did not consider all relevant factors in sentencing Ward to the statutory term rather than to probation. *See State v. Helms*, 2002 UT 12, ¶ 14, 40 P.3d 626.

¶5 Ward's reliance on *State v. Galli*, 967 P.2d 930 (Utah 1998), is misplaced. 'This court has repeatedly rejected the application of the *Galli* factors outside of cases involving consecutive sentences." *State v. Moreau*, 2011 UT App 109, ¶ 8, 255 P.3d 689

(mem.). This case does not involve consecutive sentencing and *Galli* is therefore inapplicable.

¶6     Because we conclude that the district court considered all relevant factors and that the sentence imposed was not clearly excessive, the district court did not abuse its discretion in sentencing. Accordingly, we affirm.

_____
William A. Thorne Jr., Judge


_____
Carolyn B. McHugh, Judge


_____
Stephen L. Roth, Judge