2014 UT App 85

STATE of Utah, Plaintiff and Appellee,

v.

Marianne RICKS, Defendant
and Appellant.

No. 20130314–CA.

Court of Appeals of Utah.

April 17, 2014.

Samuel P. Newton, for Appellant.

Sean D. Reyes and Deborah L. Bulkeley,
for Appellee.

Before JUDGES JAMES Z. DAVIS, J.
FREDERIC VOROS JR., and JOHN A.
PEARCE.

Decision

PER CURIAM:

¶ 1 Marianne Ricks appeals her sentence
on a conviction of retail theft, a third degree
felony. We affirm.

¶ 2 "The sentencing decision of a trial
court is reviewed for abuse of discretion."
*State v. Valdovinos,* 2003 UT App 432, ¶ 14,
82 P.3d 1167. A court abuses its discretion
in sentencing "when it fails to consider all
legally relevant factors or if the sentence
imposed is clearly excessive." *See id.* ¶ 28
(citation and internal quotation marks omit-
ted). Alternatively, a defendant may demon-
strate an abuse of discretion if he or she can
show "that no reasonable [person] would take
the view adopted by the trial court." *Id.* ¶ 14
(alteration in original) (citation and internal
quotation marks omitted). "The decision
whether to grant probation is within the
complete discretion of the trial court." *State*

*v. Rhodes,* 818 P.2d 1048, 1049 (Utah Ct.App. 1991).

¶3 In connection with the February 2013 sentencing in this Weber County case, Adult Probation and Parole (AP & P) prepared an addendum to a Presentence Investigation Report (PSI) that had been prepared for the August 2012 sentencing in two cases from Davis County. The amended PSI stated, "This addendum does not constitute a complete report without the attached presentence/postsentence report" from August 2012. AP & P recommended a departure from the guidelines and a prison sentence of zero to five years based upon Ricks's continued criminal activity while on probation from the Davis County cases.

¶4 Ricks claims that the district court failed to adequately account for mitigating evidence and therefore abused its discretion in sentencing. Ricks first claims that there was substantial evidence in mitigation that was not addressed in the PSI. Second, she claims that the district court failed to adequately consider the impact of her incarceration on her children. Third, Ricks contends that the court inappropriately determined that a prison sentence afforded the best means for her to access mental health treatment. Finally, Ricks claims that the court gave too much weight to the fact that she had committed the offense while on probation from her earlier cases.[1]

¶5 Although Ricks claims that the district court failed to consider all relevant factors at sentencing, the record demonstrates otherwise. Ricks essentially challenges the weight that the district court placed on the sentencing factors. Ricks lists the factors in mitigation from the AP & P form, which is captioned "Aggravating and Mitigating Circumstances," that she claims have application to her case. The first factor—that her conduct neither caused nor threatened serious harm—was noted as a mitigating factor in the amended PSI. The original PSI also noted the additional factors that (1) there was a

substantial ground to excuse or justify criminal behavior, (2) the offender's attitude suggests amenability to supervision, and (3) all offenses occurred in a single criminal episode. The latter factor would be applicable only in the Davis County cases that were before the court in the August 2012 sentencing. The factor identified by Ricks that relates to the ability to pay restitution has no application to this Weber County case, where there was no restitution sought. The last factor Ricks argues was applicable—that her mental health issues made it less likely for her to knowingly commit the crime—was waived by entry of her guilty plea. Nevertheless, the combined PSI contained extensive information about her mental illness, which was also discussed at sentencing. Furthermore, the district court discussed the adverse impact of Ricks' criminal activity and resulting incarceration on her children. It is apparent that the district court considered all relevant factors, including mitigating evidence, and that Ricks disagrees with the weight that the district court placed on those factors.

¶6 Ricks cites to numerous treatises and articles on various issues related to the incarceration of mentally ill offenders and the claimed inadequacy of prison systems to address their medical and treatment needs. At sentencing in this case, a representative from AP & P suggested that the parole board might consider Ricks as a candidate for placement in a specific program for women that could address her mental health issues as they related to her continued criminal activity. The district court noted that access to this programming would be available only through a prison sentence. There is no indication that the materials cited in the brief or arguments based on those or similar materials were ever presented to the district court. There also was no evidence indicating that the specific program described by the AP & P representative was in any way unsuitable. Ricks has not demonstrated that the district court abused its discretion in sen-

---

1. In her opening brief, Ricks argued that her trial counsel was ineffective to the extent that counsel did not make objections to the issues for appeal. In a letter filed in lieu of a reply brief, Ricks states that because the State did not argue lack of preservation, "counsel's alleged ineffectiveness is not before this Court." We do not consider any claim of ineffectiveness of trial counsel.

tencing her to a prison term with a further recommendation that she be considered by the parole board for release to the treatment program.

¶ 7 The sentence imposed for the third degree felony retail theft conviction was within the applicable statutory range. Departure from the sentencing guidelines—which do not have the force or effect of law—was explained by AP & P in the PSI. The PSI contained an analysis of relevant sentencing factors to be considered by the district court. At the sentencing hearing, the district court discussed Ricks's mental health issues, her limited criminal history, the impact on her children, and the need for mental health treatment. "Because so many different ingredients factor into the sentencing process, and because the discretionary imposition of probation rests in many cases on subtleties not apparent on the face of the cold record," a reviewing court does not overturn a sentence unless it is "clear that the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *State v. Rhodes,* 818 P.2d 1048, 1051 (Utah Ct.App.1991).

¶ 8 Ricks has not demonstrated that the district court failed to consider all legally relevant factors. The sentence imposed in this case is within the statutory term prescribed for a third degree felony. Ricks has not demonstrated that the district court failed to consider all legally relevant factors at sentencing or that the sentence was clearly excessive under the facts of the case. Alternatively, Ricks has not demonstrated that no reasonable person would take the view adopted by the district court in sentencing Ricks to a prison term. The district court did not abuse its discretion in sentencing. Accordingly, we affirm.