2017 UT App 50

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROBERT EARL CLINE,
Appellant.

Opinion
No. 20160181-CA
Filed March 23, 2017

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 151906036

Brady Minow Smith, Attorney for Appellant

Simarjit S. Gill and Matthew J. Hansen, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1 Robert Earl Cline appeals his sentence of 140 days in jail and 24 months of probation imposed after he pleaded guilty to attempted unlawful distribution of an intimate image, a class B misdemeanor. Cline argues the district court abused its discretion because it did not adequately consider several mitigating factors before imposing the sentence. Cline also seeks to withdraw his guilty plea without having moved to withdraw it before sentencing. We affirm.

¶2 In March 2015, while on probation, Cline sent his mother nude photographs of his ex-wife in an attempt to persuade her that his ex-wife was "the one with the problem, not [him]." Cline also sent the images to his ex-wife's mother. The State charged

Cline with the unlawful distribution of an intimate image, a class A misdemeanor. In November 2015, Cline pleaded guilty to the lesser charge of attempted unlawful distribution of an intimate image, a class B misdemeanor. He was represented by counsel when he entered his plea, and Cline, his attorney, and the judge signed the plea affidavit. Cline indicated that he understood the consequences of entering a guilty plea and that he knowingly and voluntarily pleaded guilty. During his sentencing hearing, Cline again admitted to attempting to unlawfully distribute an intimate image.

¶3     After the State charged Cline with the unlawful distribution of an intimate image in March 2015 and before his sentencing hearing in February 2016, Cline committed and pleaded guilty to two additional charges: criminal trespass and stalking.[1] These charges stemmed from acts perpetrated against one of Cline's former neighbors, and Cline had "gone so far as to adopt her last name in an attempt to usurp her ex-husband's position in the home."

¶4     The district court considered the following aggravating factors before imposing sentence: Cline's criminal history, including violations he committed while on probation; Cline's history of ignoring court orders; a statement from Cline's stalking victim that she lived in "constant fear" and "keep[s] mace by the door" for protection; the occurrence of the stalking incident just three days after Cline had been released to pretrial services; and evidence suggesting Cline had a substance abuse problem. The court also considered mitigating factors, including defense counsel's recommendation of mental health treatment; the fact that Cline's criminal history involves misdemeanors, not felonies; Cline's ability to visit his children; and Cline's

---

1. Cline appealed his sentences from the criminal trespass and stalking charges. The cases were consolidated and are being considered in a separate appeal. *See State v. Cline*, 2017 UT App 49.

statements that he had previously passed drug tests and had a job waiting for him in the oil fields.

¶5    After considering both mitigating and aggravating factors, the district court imposed a sentence of 180 days in jail and 24 months of probation, with the possibility of early release for completing a drug program. Later, because Cline was unable to participate in that particular program, the court reduced Cline's jail time to 140 days.

¶6    Cline argues the district court abused its discretion because it did not adequately consider "his character, attitude, and rehabilitative needs" when it imposed his sentence. We review a district court's sentencing decision for abuse of discretion. *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167.

¶7    In general, "a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (citation and internal quotation marks omitted). When making sentencing decisions, courts weigh and consider the following factors: public safety, punishment, deterrence, incapacitation, restitution, and rehabilitation. *See State v. Nuttall*, 861 P.2d 454, 458 (Utah Ct. App. 1993); *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991). "Although courts must consider all legally relevant factors in making a sentencing decision, not all aggravating and mitigating factors are equally important, and [o]ne factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *Killpack*, 2008 UT 49, ¶ 59 (alteration in orginal) (citation and internal quotation marks omitted). In addition, a sentencing court is empowered to place a defendant on probation if it will "best serve the ends of justice and is compatible with the public interest." *Rhodes*, 818 P.2d at 1051. This is because "[t]he granting or withholding of probation involves considering intangibles of character, personality and

attitude, of which the cold record gives little inkling." *State v. Sibert*, 310 P.2d 388, 393 (Utah 1957).

¶8     Cline argues the district court did not "adequately consider his character, attitude, and rehabilitative needs." It is not apparent whether Cline argues the district court failed to consider these factors or that it improperly weighed the aggravating and mitigating factors. We address each potential claim.

¶9     To the extent Cline argues the court did not consider these factors, this is inaccurate. During the sentencing hearing, Cline's counsel discussed his client's rehabilitative needs. Further, the court had observed and knew of Cline's poor attitude and lack of respect for the law and the court. For example, Cline talked over the sentencing judge several times during the sentencing hearing; in an earlier hearing, Cline continued to look at the audience despite the court's admonition not to; and Cline was once dismissed from pretrial services for being "uncooperative, inappropriate, and aggressive." Finally, the court had a legitimate concern that Cline posed a threat to public safety and the public interest and that he would once again violate probation and defy the court's orders.

¶10     If Cline's argument is that the district court improperly weighed the aggravating and mitigating factors, he has not shown *how* the district court's actions "were so inherently unfair as to constitute an abuse of discretion." *See Killpack*, 2008 UT 49, ¶ 59 (citation and internal quotation marks omitted). In essence, his argument appears to be a disagreement with the court's balancing efforts. Although the court gave more weight to the aggravating factors presented during the sentencing hearing, it was not an abuse of discretion to do so because "[o]ne factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *See id.* ¶ 59 (alteration in original) (citation and internal quotation marks omitted).

¶11   Thus, the court acted well within its discretion and "there [was] ample factual substance in the record to support" its sentencing decision. *See Rhodes*, 818 P.2d at 1051. Because the court adequately considered all the relevant factors, the sentence imposed was not an abuse of discretion, and we affirm it.

¶12   Cline also seeks to withdraw his guilty plea for attempted unlawful distribution of an intimate image. A defendant may withdraw his guilty plea "only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). The defendant must move to withdraw the plea "before sentence is announced." *Id.* § 77-13-6(2)(b). Further, "[a]ny challenge to a guilty plea not made within the time specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Postconviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure." *Id.* § 77-13-6(2)(c); *see also Gailey v. State*, 2016 UT 35, ¶ 20, 379 P.3d 1278 ("We therefore reaffirm our prior caselaw holding that after sentencing is entered, a defendant may not file a motion to withdraw a guilty plea or directly appeal the plea . . . ."). "[I]t is well-established that if a defendant fails to file a timely motion to withdraw his guilty plea, the appellate court lacks jurisdiction to consider any claim except a challenge to the sentence." *State v. Smith*, 2011 UT App 336, ¶ 4, 263 P.3d 1219 (per curiam).

¶13   There is no evidence in the record that Cline moved or attempted to move to withdraw his guilty plea before the sentence was imposed. Cline's only argument is that, contrary to being fully informed of his rights and signing the plea form, his plea was not made knowingly and voluntarily. Because Cline did not timely move to withdraw his plea, and does not allege that he was unaware of the time limit, we lack jurisdiction to consider this request and do not reach the merits of his claim.

¶14   Affirmed.

―――――――――