**2017 UT App 49**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROBERT EARL CLINE,
Appellant.

Opinion
No. 20160179-CA
Filed March 23, 2017

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 151907577

Brady Minow Smith, Attorney for Appellant

Simarjit S. Gill, Jon D. Shuman, and Matthew J.
Hansen, Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES J. FREDERIC VOROS JR. and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1     After stalking his neighbor and trespassing on her property, Defendant Robert Earl Cline was sentenced to jail and placed on probation. He now appeals, arguing that the sentences were an abuse of the district court's discretion. We affirm.

¶2     Defendant was on probation in an unrelated case when he met Neighbor. Defendant began arriving at Neighbor's home uninvited, calling her repeatedly, and sending her emails. Five months after their initial meeting, Neighbor was living in fear for her safety and suffering "constant harassment" from Defendant. Neighbor called the police one day when she found Defendant loitering on her porch. When the police arrived, Defendant allegedly claimed he was married to Neighbor and identified

himself by the name of Neighbor's ex-husband. Defendant was charged with criminal trespass, a class A misdemeanor under section 76-6-206(2)(b)(i) of the Utah Code, and giving false personal information to a peace officer, a class A misdemeanor under section 76-8-507(2) (collectively, Case One). While Case One was pending, Neighbor obtained a civil stalking injunction against Defendant.

¶3    Pursuant to a plea agreement, Defendant pled guilty to the criminal trespass charge, and the State dismissed the false information charge. The district court accepted the plea in Case One and released Defendant to pretrial services, ordering him to have no contact with Neighbor. Defendant promptly disobeyed that order, and the court revoked the order of release. Shortly thereafter, at a bail hearing, the court again agreed to release Defendant pending sentencing and gave "the strict order that he have absolutely no contact" with Neighbor. The court also ordered Defendant to cooperate in the preparation of a presentence investigation report.

¶4    Six days after the second order to avoid contact with Neighbor, Defendant showed up at her house. He was then charged with stalking, a class A misdemeanor under section 76-5-106.5(3)(a) (Case Two).

¶5    Defendant pled guilty in Case Two and was immediately sentenced in both cases.[1] The district court reviewed the presentence investigation report and largely followed its recommendations. For Case One, the court sentenced Defendant

---

1. That same day, Defendant also admitted violating his probation in the unrelated case, *see supra* ¶ 2, and was sentenced in a yet another case. That additional case is being reviewed in a separate appeal. *See State v. Cline*, 2017 UT App 50.

to jail,[2] placed Defendant on probation for 24 months, and entered additional orders related to Defendant's conduct and treatment. The district court ordered an identical sentence in Case Two and made clear that the second sentence was "to run concurrently with the jail time" in Defendant's other cases.

¶6 Defendant appealed from both sentences, and we consolidated the two appeals. We consider the single issue of whether the district court abused its discretion by sentencing Defendant to jail and probation.

¶7 A district court abuses its discretion during sentencing if it fails "to consider all legally relevant factors, or if the sentence imposed exceeds the limits prescribed by law. Generally, a . . . sentence should be overturned only when it is inherently unfair or clearly excessive." *State v. Law*, 2003 UT App 228, ¶ 5, 75 P.3d 923 (citations and internal quotation marks omitted).

¶8 Defendant argues that while "some jail time and probation" would have been appropriate, the decision to impose 180 days of jail followed by 24 months of probation was not supported by the record. In his view, "his character, attitude, and rehabilitative needs," combined with a "criminal history [that] consisted of misdemeanors, and mostly class B misdemeanors," called for a sentence that "focus[ed] on mental health treatment to prevent future problems of the same nature" because "jail was not going to solve his ongoing trouble." We

---

2. The district court initially sentenced Defendant to 365 days in jail but then suspended 185 days of that sentence, leaving 180 days to be served. At a subsequent review hearing, after Defendant filed his notice of appeal, the district court ordered that the 180 days be reduced to 140 days. Because we conclude that the district court did not abuse its discretion in ordering the longer original sentences, we need not consider whether the modified sentences constitute an abuse of discretion.

read Defendant's argument to mean that because mental health concerns might have contributed to Defendant's behavior, such considerations should have been the district court's primary focus in sentencing him.

¶9     This argument lacks merit because, in sentencing Defendant, the district court appropriately considered Defendant's apparent need for mental health treatment along with Neighbor's need for safety and society's interest in punishment and deterrence. The district court's resolution of these competing needs was not inherently unfair or clearly excessive. Defendant had demonstrated a willingness to flout orders prohibiting his contact with Neighbor when he ignored the initial no-contact order, when he violated the civil stalking injunction, and when he disregarded the second, stricter no-contact order entered at the bail hearing. The district court thus properly determined that jail and probation were necessary to protect against further risks to Neighbor's safety.

¶10     Further, the court expressly addressed Defendant's mental health concerns by ordering him "to take mental health medication prescribed" to him and to obtain "a mental health evaluation . . . and successfully complete any recommended treatment." Defendant makes no mention of this aspect of his sentence, nor does he explain how the district court should have more effectively "focus[ed] on mental health treatment." And although Defendant fails to articulate exactly how the district court's handling of his mental health concerns demonstrates a failure to properly consider the mental health implications of this case, we have no difficulty concluding that the resulting sentences were proper exercises of the district court's discretion. *See, e.g.*, *State v. Ricks*, 2014 UT App 85, ¶ 6, 325 P.3d 845 (per curiam) (concluding that a court did not abuse its discretion in sentencing a defendant with mental health issues when it ordered "a prison term with a further recommendation that she be considered by the parole board for release to the treatment program"); *State v. Ward*, 2012 UT App 346, ¶¶ 3–4, 293 P.3d 399

(per curiam) (concluding that a court did not abuse its discretion in sentencing a defendant with bipolar disorder and a criminal history consisting only of misdemeanors when it ordered prison and recommended to the Board of Pardons that the defendant be "granted mental health treatment and access to medications").

¶11 In sum, Defendant's "argument that the district court discounted or failed to appropriately consider his mental illness is without merit." *See Ward*, 2012 UT App 346, ¶ 4. His "disagreement with the district court's assessment of the factors does not demonstrate that the district court did not consider all relevant factors in sentencing." *See id.*

¶12 Because Defendant has not shown that the district court failed to consider any relevant factor in sentencing him, and because he does not argue that the sentences were otherwise invalid or excessive, we cannot conclude that the district court abused its discretion. We therefore affirm.

———————