2017 UT App 95

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BRADLEY KEITH BEAGLES,
Appellant.

Opinion
No. 20160541-CA
Filed June 8, 2017

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
No. 151402564

Emily Adams, Attorney for Appellant

Sean D. Reyes and Jennifer Paisner Williams,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and JILL M. POHLMAN
concurred.

VOROS, Judge:

¶1     After his conviction for attempted computer crimes, Bradley Keith Beagles received probation with conditions, including that he serve 60 days in jail. On appeal he challenges that condition of probation. We affirm.

¶2     Beagles and his then-wife were clients of an accounting firm that prepared their joint tax returns. As clients of the firm, they could access the firm's online portal to view their tax returns. After the couple divorced, his ex-wife continued as a client of the firm, but Beagles did not. The firm thus terminated his access to the online portal. A few months later, Beagles accessed the online portal three times by using his ex-wife's

email address as the login name and correctly guessing the answers to her security questions. He then changed her password. He also sent emails to the accounting firm with screenshots of the online portal containing confidential information about his ex-wife and his former business partners.

¶3    Beagles was charged with three counts of computer crimes, third degree felonies. *See* Utah Code Ann. § 76-6-703(1)(e) (LexisNexis 2012). Beagles pleaded guilty to three counts of the reduced charge of attempted computer crimes, class A misdemeanors. *See id.* § 76-6-703(1)(b). The district court sentenced Beagles to three consecutive one-year jail sentences. The court then suspended the sentences and placed Beagles on probation for 36 months with conditions. One condition was that Beagles serve a 60-day jail term. Beagles challenges that condition.

¶4    Beagles contends that the district court "abused its discretion in imposing a jail term on [him]." Because we traditionally afford a sentencing court wide latitude and discretion, we will reverse a sentencing decision "only if it is an abuse of the judge's discretion." *State v. Moa*, 2012 UT 28, ¶ 34, 282 P.3d 985 (citation and internal quotation marks omitted). A sentence constitutes an abuse of discretion when the district court "fails to consider all legally relevant factors, or . . . the sentence imposed is clearly excessive." *LeBeau v. State*, 2014 UT 39, ¶ 16, 337 P.3d 254 (citation and internal quotation marks omitted). We will find an abuse of discretion only if no reasonable person would take the view adopted by the sentencing court. *State v. Monzon*, 2016 UT App 1, ¶ 8, 365 P.3d 1234.

¶5    A defendant is not entitled to probation; rather, "the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991). The "'granting or withholding of probation involves considering intangibles of character, personality and attitude, of

which the cold record gives little inkling.'" *State v. Cline*, 2017 UT App 50, ¶ 7 (quoting *State v. Sibert*, 310 P.2d 388, 393 (Utah 1957)). And "as a condition of probation, the court may require that the defendant . . . serve a period of time, not to exceed one year, in a county jail." Utah Code Ann. § 77-18-1(8)(a)(v) (LexisNexis Supp. 2016).

¶6    Beagles presents two arguments in support of his contention that the district court abused its discretion in ordering 60 days jail time as a condition of probation. First, he argues that the district court "gave inadequate reasons for imposing a jail term." He claims that his hacking was not "fairly brazen," as described by the district court, and points to alleged errors in the pre-sentence investigation report (PSI). Second, he argues that the district court "did not give sufficient weight to the mitigating circumstances in this case." He lists several mitigating factors, including that his conduct "was a product of mental illness and substance abuse"; that he received treatment at a psychiatric hospital and medication; that he did not commit new crimes for 18 months prior to sentencing; that he has strong family support; and that he has a history of successfully completing probation.

¶7    We generally presume that the sentencing court "made all the necessary considerations when making a sentencing decision." *Moa*, 2012 UT 28, ¶ 35. "Although courts must consider all legally relevant factors in making a sentencing decision, not all aggravating and mitigating factors are equally important, and one factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (brackets, citation, and internal quotation marks omitted), *abrogated on other grounds as recognized by State v. Lowther*, 2017 UT 24.

¶8    We recently addressed a challenge similar to this one in *State v. Cline*, 2017 UT App 50. There Cline argued that "the district court did not adequately consider his character, attitude, and rehabilitative needs" in its sentencing decision. *Id.* ¶ 8

(internal quotation marks omitted). While the precise nature of Cline's argument was unclear, we rejected any challenge that the court "failed to consider [mitigating] factors" and that it "improperly weighed the aggravating and mitigating factors." *See id.* First, we concluded that, because the mitigating factors were discussed at the sentencing hearing, "[t]o the extent Cline argues the court did not consider these factors, this is inaccurate." *Id.* ¶ 9. Second, we noted that any argument "that the district court improperly weighed the aggravating and mitigating factors" appeared to be a "disagreement with the court's balancing efforts." *Id.* ¶ 10. We then concluded that "the court acted well within its discretion" when it "gave more weight to the aggravating factors presented during the sentencing hearing." *See id.* ¶¶ 10–11. We held that "[b]ecause the court adequately considered all the relevant factors, the sentence imposed was not an abuse of discretion." *Id.* ¶ 11.

¶9    Like Cline, Beagles argues that the district court either failed to consider or improperly weighed aggravating and mitigating factors. *See id.* ¶ 8. The district court noted several aggravating factors at the sentencing hearing. The court determined that Beagles's offenses were "fairly aggravated by the brazen attempts of hacking," in that "he tried to hack [the online portal] a couple of times" and "was successful hacking a couple of times." The court also concluded that Beagles was at a "high risk to reoffend" given his belief that he had done nothing wrong and that he had the right to do whatever he wanted to his ex-wife. Lastly, the court noted the likely effect of Beagles's crime on the victim: "knowing that he's using her security questions . . . to access her information . . . would be pretty distressing." The court thus balanced the aggravating and mitigating factors and ultimately "gave more weight to the aggravating factors." *See id.* ¶ 10.

¶10    Beagles also notes on appeal that the PSI contained factual errors. At sentencing, he asked the court to "consider"—not correct—these alleged errors. The court took these errors into consideration in weighing the sentencing factors. *See id.* ¶ 9.

Beagles does not contend on appeal that the district court erred in failing to resolve his objections to the PSI as required by Utah law. *See* Utah Code Ann. § 77-18-1(6)(a) (LexisNexis Supp. 2016) (requiring the district court to "make a determination of relevance and accuracy on the record" of alleged inaccuracies in the PSI); *see also State v. Jaeger*, 1999 UT 1, ¶¶ 41–45, 973 P.2d 404 (remanding to the district court for it to resolve objections to the PSI). Because Beagles does not argue on appeal that the court failed to make necessary findings on the record in resolving his objections to the PSI, we do not address the issue of compliance with section 77-18-1(6)(a).

¶11    The district court's decision to grant Beagles probation on condition that he serve 60 days in jail falls well within the court's considerable discretion. We cannot say that no reasonable person would take the view adopted by the district court. *See State v. Monzon*, 2016 UT App 1, ¶ 8, 365 P.3d 1234.

¶12    The judgment of the district court is affirmed.

————————