2018 UT App 98

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ANTHONY THOMAS WOOD,
Appellant.

Opinion
No. 20160478-CA
Filed June 1, 2018

Third District Court, Salt Lake Department
The Honorable James T. Blanch
No. 151907516
No. 151909225

Alexandra S. McCallum, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES GREGORY K. ORME and DIANA HAGEN concurred.

POHLMAN, Judge:

¶1 Defendant Anthony Thomas Wood appeals his sentences in this consolidated appeal from two separate cases. He argues that the district court exceeded its discretion when it sentenced him to prison rather than probation. He also argues that the court exceeded its discretion by ordering the sentences in the two cases to run consecutively. We affirm.

¶2 In August 2015, the State charged Wood with aggravated kidnapping and aggravated robbery, both first degree felonies, and aggravated assault, a second degree felony, based on events that occurred in May 2014 (the Assault case). The victim (Victim) in that case alleged that when she dropped Wood off after

dinner one night, Wood took her keys and ran into his apartment. Victim chased him inside, at which point Wood "began striking her in the head and chok[ing] her." Wood's girlfriend (Girlfriend) also joined in the assault. At one point during the attack, Wood "produced a gun, held it to [Victim's] head and threatened to kill her." Wood and Girlfriend then "forced [Victim] to remain in a back bedroom" for several hours. During that time, Wood and Girlfriend forced Victim to provide information about her bank account so that they could withdraw money from it. Eventually, after withdrawing money from Victim's bank account, Wood and Girlfriend let Victim take her car and go.

¶3      In January 2016, the State charged Wood in a separate case with five counts of possession of forged writing, all third degree felonies, based on events that occurred in June 2015 (the Forgery case). The charges were supported by statements that police had "located several counterfeit US bills" in Wood's bedroom. In addition, a cab driver stated that Wood had paid his cab fare with a $100 counterfeit bill.

¶4      In March 2016, Wood pleaded guilty in both cases. For the Assault case, Wood pleaded guilty to one count of aggravated assault, a third degree felony, admitting that he "threatened the use of a firearm while assaulting another individual." For the Forgery case, Wood pleaded guilty to two counts of possession of forged writing, both third degree felonies, admitting that he "possessed two counterfeit bills."

¶5      The district court sentenced Wood on both cases in May 2016. In anticipation of sentencing, Adult Probation and Parole (AP&P) prepared a presentence report (the PSR). The PSR contained information about the factual circumstances underlying each case as well as information specific to Wood, such as his criminal history, his probation history, and other factors relevant to a sentencing determination. AP&P noted that Wood "expressed a desire for probation" but nonetheless

recommended that Wood be committed to prison. AP&P stated that while Wood was "cooperative during his interview," "the circumstances surrounding the assault on [Victim] were egregious." It noted that Wood "demonstrated little remorse for [Victim]," believing that his "only offense was 'breaking [Victim's] heart.'" And it noted that after the assault, Wood "continued to participate in criminal behavior," which persuaded AP&P that "increased sanctions . . . [were] appropriate."

¶6 Although Wood requested probation at sentencing, the district court sentenced him to prison. The court ordered him to serve zero to five years for the aggravated assault as well as zero to five years for each count in the Forgery case. The court ordered the sentences in the Forgery case to run concurrently, but it ordered the sentences for the Assault case and the Forgery case to run consecutively.

¶7 In rejecting Wood's request for probation, the court explained that "there are some offenses that involve facts and circumstances that are disturbing enough . . . that prison is the appropriate sentence," and the court stated that "this [was] one of those cases." The court explained that Wood's behavior in the aggravated assault "essentially amount[ed] to torture [of Victim] that extend[ed] over a significant period of time," and it stated that the crime was "bad enough that the tools . . . available to [the court] in terms of imposing probation are really not enough to capture the gravity of the crime." In doing so, the court recognized that Girlfriend was given probation for her involvement in the assault. However, the court distinguished Girlfriend's circumstances, noting that Girlfriend had a "different criminal history and a different subsequent pattern of criminal behavior" from Wood and that Wood, not Girlfriend, was "essentially the instigator" of the assault.

¶8 The court also explained why it imposed concurrent sentences for each of the Forgery case counts but consecutive

sentences as between the Assault case and the Forgery case. The court first reviewed the statutory factors it was required to consider under Utah Code section 76-3-401 in deciding whether to impose consecutive sentences. *See* Utah Code Ann. § 76-3-401(2) (LexisNexis 2017) (explaining that "[i]n determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant"). For the forgery counts, the court explained that it imposed concurrent sentences because, while "serious," those counts were "lesser offenses compared to the aggravated assault," and they "occurred in a relatively discrete period of time and appeared to arise from the same pattern of poor decision making."

¶9    The court then explained that the sentence for the aggravated assault count "should be consecutive" to the Forgery case in light of the "nature, gravity, and circumstances." The court stated that the assault was "really troublesome" and that "it occurred at a different time and it involved a different type of conduct than the forgery offenses." The court also explained that "the number of victims" supported running the sentences consecutively—that there were two victims "when you put the forgery charges together with the victim of the assault" and that the victim of the assault "would be most severely traumatized by what occurred." The court acknowledged that while Wood's history suggested some leniency might be appropriate, "the rehabilitative needs of the defendant and just the seriousness of the crime . . . militate in favor of consecutive sentences."

¶10    Wood appeals his sentences.

## I. Probation Versus Prison

¶11    Wood first argues that the district court exceeded its discretion by sentencing him to prison instead of probation. In particular, he claims that the district court "failed to adequately

weigh his character, attitude, and rehabilitative needs." For example, he asserts that he expressed remorse and accepted responsibility for his actions and that he is "amenable to rehabilitation, particularly in light of his reconnection with religion." In addition, he asserts that "probation was proper" in light of his limited criminal history and the fact that Girlfriend "received a probationary sentence after engaging in similar criminal activity."

¶12 "The district court has wide latitude and discretion in sentencing that will only be overturned in very narrow circumstances." *State v. Legg*, 2018 UT 12, ¶ 34 (quotation simplified). This broad discretion extends to "the decision to grant or deny probation." *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "While failure to consider all legally relevant sentencing factors is an abuse of discretion, a sentencing court is not required to weigh all the factors equally." *State v. Sexton*, 2016 UT App 238, ¶ 10, 391 P.3d 297 (quotation simplified). "The fact that the [district] court assessed the relevant factors differently than [a defendant] would have liked does not indicate that it exceeded its discretion." *State v. Epling*, 2011 UT App 229, ¶ 22, 262 P.3d 440. Indeed, "not all aggravating and mitigating factors are equally important, and one factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *State v. Cline*, 2017 UT App 50, ¶ 7, 397 P.3d 652 (quotation simplified). "Ultimately, an appellant can show an abuse of discretion in the district court's weighing of the relevant factors only by demonstrating that no reasonable person would take the view taken by the sentencing court." *Sexton*, 2016 UT App 238, ¶ 11 (quotation simplified).

¶13 Wood has not demonstrated that "no reasonable person would take the view taken by the sentencing court" in imposing prison rather than probation. *See id.* (quotation simplified). Instead, he attempts to show that the district court abused its discretion by highlighting the factors he believes ought to have

weighed more heavily in favor of probation. But we are in no position on appeal to gainsay the district court's assessment of the circumstances by reweighing the relevant sentencing factors. *See State v. Martin*, 2017 UT 63, ¶ 76 ("On appellate review, it is not our task to reweigh aggravating and mitigating factors or to second-guess a district court's sentencing determination."); *see also State v. Killpack*, 2008 UT 49, ¶ 58, 191 P.3d 17 (recognizing that district courts "are best situated to weigh the many intangibles of character, personality and attitude, of which the cold record gives little inkling," and stating that, as a result, "the decision of whether to grant probation must of necessity rest within the discretion of the judge who hears the case" (quotation simplified)), *abrogated on other grounds by State v. Lowther*, 2017 UT 34, 398 P.3d 1032. Rather, unless the record "reveals a clear abuse of discretion," it is sufficient for our purposes that the court determined it was appropriate to weigh the nature and gravity of Wood's offenses more heavily than factors that might have favored leniency. *See Martin*, 2017 UT 63, ¶ 76.

¶14 And here, the record does not "reveal[] a clear abuse of discretion." *See id.* As the court appropriately noted, the circumstances surrounding the assault were troubling. During the assault, Wood beat and choked Victim, threatened to kill her with the use of a firearm, and held her against her will for an extended period of time. Indeed, the court characterized Wood's treatment of Victim as "torture that extend[ed] over a significant period of time." Given these circumstances, the court acted well within its discretion when it determined that the circumstances surrounding the aggravated assault were "bad enough" to render the "tools . . . available to [the court] in terms of imposing probation" inadequate to "capture the gravity of the crime."

¶15 Likewise, we do not see fault in the court's assessment that Wood's sentence was not unfair when compared to Girlfriend's. The court noted that Girlfriend's criminal history was different from Wood's and that Wood, not Girlfriend, was

the instigator of the assault. Wood has not shown that these differences were unsupported by the record or that it was improper to otherwise rely on them in sentencing him.

## II. Consecutive Sentences

¶16   Wood next argues that the district court exceeded its discretion in ordering that the sentences in the Forgery case and the Assault case run consecutive to one another. He contends that the court "failed to give adequate weight to certain mitigating circumstances, including [his] criminal history, character, and prospects for rehabilitation." And he asserts that even if his crimes were "very serious, the mitigating factors weighed in favor of concurrent sentences" for all his convictions. (Quotation simplified.)

¶17   However, Wood concedes that he did not request concurrent sentences below and that this issue is therefore not preserved. He asks that we review this issue for plain error or ineffective assistance of counsel. Wood must therefore demonstrate either that the district court plainly erred by imposing consecutive sentences or that his counsel's deficient performance in failing to request concurrent sentences was harmful. *See State v. Martinez-Castellanos*, 2017 UT App 13, ¶ 28, 389 P.3d 432 ("To succeed on his plain error claim, [a defendant] must demonstrate that an error occurred, the error was or should have been obvious, and the error was prejudicial." (quotation simplified)), *cert. granted*, 400 P.3d 1045 (Utah 2017); *id.* ("To establish his claim of ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense." (quotation simplified)).

¶18   The court imposed consecutive sentences by considering the required factors under Utah Code section 76-3-401(2). *See* Utah Code Ann. § 76-3-401(2) (LexisNexis 2017) (explaining that "[i]n determining whether state offenses are to run concurrently

or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant"). The court determined that "the nature, gravity, and circumstances of the offenses" simply outweighed the factors that might have suggested leniency. And while Wood's criminal history might have favored leniency, the court concluded that "the rehabilitative needs of the defendant" and "the seriousness of the crime" made consecutive sentences appropriate.

¶19 Wood has not demonstrated that it was error—let alone obvious error—for the court to weigh the sentencing factors under Utah Code section 76-3-401 as it did. Wood challenges the court's weighing only by contending that certain mitigating factors ought to have outweighed the aggravating circumstances in favor of concurrent sentences. However, as we explained above, a sentencing court has "wide discretion in sentencing defendants," *State v. Sexton*, 2016 UT App 238, ¶ 10, 391 P.3d 297, and a defendant cannot meet his burden of persuasion by simply disagreeing with the outcome,[1] *see State v. Epling*, 2011 UT App 229, ¶ 22, 262 P.3d 440.

---

1. The case Wood relies most heavily on, *State v. Galli*, 967 P.2d 930 (Utah 1998), does not dictate a different result. First, *Galli* was decided during a time when there was a legislated policy preference for concurrent sentences over consecutive sentences; indeed, the *Galli* court specifically noted the policy preference in rendering its decision. *See id.* at 938; *see also State v. Gray*, 2016 UT App 87, ¶ 27, 372 P.3d 715 (discussing the legislated policy change away from favoring concurrent sentences after *Galli* issued). Second, the sentencing challenge in *Galli* was preserved and therefore reviewed on its merits, not under the heightened burden inherent in a plain error or an ineffective assistance of counsel review. *See Galli*, 967 P.2d at 938. Finally, while Wood

(continued…)

¶20    Next, even assuming that Wood's counsel should have asked the court to impose concurrent sentences, Wood has not demonstrated that the failure to do so was prejudicial. Instead, he contends that had counsel asked for concurrent sentences, the court would have determined that his history, character, and rehabilitative needs outweighed the aggravating factors and would have ordered concurrent sentences. But there is no support for this contention in the record. Indeed, the court expressly addressed and considered the exact factors Wood points to on appeal. For example, the court stated that his criminal history suggested leniency might be appropriate but ultimately concluded that "the nature, gravity, and circumstances of the offenses" weighed in favor of consecutive sentences. Wood has therefore not established that, had his counsel requested concurrent sentencing on the basis of certain mitigating factors, the result would have been more favorable to him.

¶21    In sum, Wood has not demonstrated that the district court exceeded its discretion in sentencing him to prison rather than probation. Wood also has not demonstrated that the court exceeded its discretion in imposing consecutive rather than concurrent sentences as between the Assault case and the Forgery case. Accordingly, we affirm.

—————

(…continued)
has attempted to argue that the circumstances between his case and Galli's are similar, they are not identical, and he has not shown how, given those differences, it was plain error not to equate his case to *Galli*.